BEBERMEYER, et al, Respondents, v. THE BOARD OF COUNTY COMMISSIONERS OF EDMUNDS COUNTY, S. D., et al, Appellants.

(262 N. W. 175.)

(File No. 7769.   Opinion filed August 5, 1935.)

594

*H. W. Hembd,* State's Attorney, *H. L. Woodworth,* and *Louis H. Tschirley,* all of Ipswich, for Appellant.

*J. M. Berry,* of Ipswich, for Respondent.

CAMPBELL, J. This appeal presents the single question of whether or not the Roscoe Independent, a weekly newspaper owned by plaintiffs and published at Roscoe in Edmunds county, S. D., is a "legal newspaper" within the contemplation of the statutes of this state. If it is, there being only two other newspapers in the county, it is the duty of the defendant, the Board of County Commissioners of Edmunds County, to designate this publication as one of the official county newspapers. Section 5895, Rev. Code 1919, as amended chapter 170, Laws 1921. The question being presented by issues duly joined, the learned circuit judge found and concluded, as a matter of fact and law, that the Roscoe Independent was and is a legal newspaper, and from judgment entered accordingly, and from a denial of their application for a new trial the defendant County Commissioners have now appealed.

Section 7069, Rev. Code 1919, as amended by chapter 250, Laws 1919, omitting certain provisos not here material, defines a "legal newspaper" as follows: "No daily or weekly newspaper shall be considered a legal newspaper for the publication of legal and other official notices unless the same, if a daily newspaper, be published six days or more each week and shall have a bona fide circulation of two hundred copies daily, or, if a weekly newspaper, shall have a bona fide circulation of two hundred copies weekly, and shall have been published in the English language in the county for at least one year prior to the publication of such notices, and be printed either in whole or in part in an office maintained at the place of publication."

Relevant facts may be stated as follows: Roscoe is a town of about five hundred people in Edmunds county, S. D., about fourteen miles west of Ipswich, which is a town of approximately one thousand people and the county seat of Edmunds county. The Roscoe Independent (originally called the Roscoe Herald) was instituted at Roscoe a number of years ago and became and unquestionably was a legal weekly newspaper within the meaning of the statute, with its place of publication at Roscoe. It had presses, type, and the other customary fixtures and paraphernalia

of a small weekly newspaper, located in a leased building at Roscoe which it occupied as a newspaper office, and editorial work, composition, press work, and printing were all done in that office, save only two pages of "patent insides" or "boiler plate" which were printed in Minneapolis. There were also two newspapers printed and published in Ipswich. About 1927 the Roscoe paper and the two Ipswich papers came under the same ownership. One of the Ipswich papers was discontinued (or perhaps merged into the Roscoe Independent). Usable equipment from the two Ipswich offices was consolidated into one plant at Ipswich with some new equipment, resulting in a more modern and efficient plant than either of the former two had been. The new owner continued the publication of the Roscoe Independent, continued to own the equipment formerly used for its printing, and continued to lease the office premises housing such equipment in the town of Roscoe and maintained the same under the custody and control of an employee residing at Roscoe and known as the "local editor." For purposes of convenience and economy, however, the principal part of the editorial work and composition of the Roscoe paper and most of the printing thereof (save only the "patent insides" printed at Minneapolis) were done in the plant at Ipswich. The Roscoe paper was set up on the linotypes in the Ipswich office, and the printing was done on the presses in the Ipswich office, save only for the "supplement" hereinafter mentioned. The local editor maintains the office at Roscoe. He secures news items for the paper, solicits advertising, subscriptions, etc., forwarding his material to Ipswich, where the composition is done. The subscription list of the paper is now approximately three hundred. The paper issues weekly on Friday. On Thursday afternoon or Friday morning the local editor drives to Ipswich and secures the necessary number of copies of the Roscoe Independent. He also secures, set up and locked in a form, the necessary type for printing a small sheet, 6x9 inches, headed "Supplement to Roscoe Independent." With this material he returns to Roscoe. He puts the typeform in one of the hand presses in the Roscoe office and strikes off the necessary number of supplements, which supplements may consist of local items, clippings from exchanges, or other material from time to time. He folds one of these supplements into each copy of the Roscoe Independent, puts on the names and addresses,

and delivers the papers, including the supplement, to the post office at Roscoe, where the publication has second class mailing privileges.

We would not, perhaps, be disposed to hold in every case or under all circumstances that the mere printing of such a supplement was sufficient to constitute printing "in part in an office maintained at the place of publication." Under all the facts and circumstances of the instant case, however, and specifically limiting our decision to this case, we are inclined to affirm the ruling of the learned trial judge. The interpretation and construction of a statute of this sort cannot and should not be disassociated from the purpose and object thereof. If in any given case the whole picture shows that the design of the statute is being effectuated, certain conduct may very well be deemed in that case a sufficient technical compliance with the statutory requirements when otherwise it would not be. The requirement for printing in part in an office maintained at the place of publication in order to have a legal newspaper came into our law by chapter 114, Laws 1893, and the object of the statute in general was well stated by the attorney general of this state (Opinions Attorney General, 1894, p. 16) "to be to better provide for conveying adequate notice to the public and to interested parties, of legal and official proceedings * * *." From the point of view of notice to the public, it is difficult to see where the situation would be in any manner improved if the type were set by hand and the actual printing done on the presses in Roscoe as was formerly the case. Indeed, it is probably true that by virtue of doing the greater part of the work in a more modern and better equipped plant, and by reason of economies thereby rendered possible, the people of Roscoe and vicinity are getting a bigger and better paper than they could have hoped for under the old methods. That they are satisfied with it is evidenced by the fact that the subscription list appears somewhat to increase.

Limiting our decision to the facts before us, we hold that a legal weekly newspaper in this state which continues to maintain an office in charge of a resident employee at the place of publication and continues to print a supplement in such office, as was done in this case, does not lose its status as a legal newspaper merely because it adopts the practice of having its editorial work, composition, and the greater part of its printing done in a plant

in an adjacent town, but under the same ownership and within the boundaries of the same county.

The judgment and order appealed from are therefore affirmed.

WARREN, P. J., and POLLEY, J., concur.

ROBERTS, J., dissents.

RUDOLPH, J. (dissenting). It is my opinion that the Roscoe Independent is not "printed either in whole or in part in an office maintained at the place of publication," within the meaning of section 7069, Rev. Code 1919, as amended by chapter 250, Laws 1919.

The facts, in my opinion, disclose a mere subterfuge conceived with the evident intent and desire of defeating the purpose and object of the statute.

I think the judgment and order appealed from should be reversed.